## ISAAC HOWLAND

### *v.*

## THE CITY OF CHICAGO.

*Filed at Ottawa January 23, 1884.*

1. LICENSE—*of livery stables, authorized by constitution.* Under the. constitution of 1870 the legislature may tax certain occupations, such as that of keeping a livery stable, or authorize cities and villages to do so, provided it is done by a general law, uniform as to the class upon which it operates. Clauses 42 and 91, of section 1, article 5, of the act relating to cities and villages, confers upon a city council the power to tax the keepers of livery stables by a general ordinance, and such law is not unconstitutional.

2. Under the statute granting power to incorporated cities to license and tax keepers of livery stables, a city council may prescribe the rule that such licenses shall be paid for in proportion to the number of carriages kept for hire.

3. Under an ordinance of a city incorporated under the general law, providing that no person shall hire out, keep or use for hire, for the carrying or conveying of persons within such city, any hackney coach, etc., without a license so to do, and imposing a penalty for a violation thereof, and fixing the license fees to be paid a given sum for each carriage, etc., kept and used for hire, a conviction may be had for a breach of its provisions.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This is an action of debt for a penalty, brought against the defendant by the city of Chicago, and he was summoned to answer a charge of "keeping carriages and other vehicles for hire without a license for the same, in violation of section 1146 of the revised ordinances of the city of Chicago." The police justice found the defendant guilty as charged, and entered a fine against him of $50, which, on an appeal to the Criminal Court of Cook county, was affirmed, and an appeal was prosecuted to the Appellate Court for the First District, and from the judgment of that court, affirming the judgment

of the Criminal Court, the case is brought by appeal to this court, upon a certificate of the judges of the Appellate Court that "said cause involves questions of law of such importance, both on account of principle and collateral interests, as that it should be passed upon by the Supreme Court."

Appellant contends that the ordinance or ordinances under which this action is sought to be maintained are not authorized by statute, and if embraced in the statutory provisions, and if warranted by the words of the statute, such ordinance or ordinances are in contravention of the constitution.

The following is the agreed statement of facts on which the cause was tried: "All such portions of the city ordinances of the city of Chicago as are involved in or are pertinent to be considered in this prosecution, as the same are published in the 'Municipal Code of Chicago, 1881,' shall be considered in evidence. The defendant, Isaac Howland, is, and was at the date of the commencement of this prosecution, engaged in the business of a livery stable keeper at Nos. 188 and 190 Twenty-second street, in said city, owning and having in use in his said business six carriages, for which he was obliged to furnish drivers; that none of said carriages or other vehicles stood upon or occupied any public hack stand, or solicited custom thereat or upon the streets or at depots, or were what is commonly known as, and designated in the law or any city ordinance as, 'hackney coaches,' nor did the business commonly done by hackney coaches. Said defendant has not taken out from said city of Chicago licenses upon any of his said carriages."

The general law relating to cities, which is the present charter of Chicago, enumerates, in section 1, of article 5, the powers of the city council. In clause 42 of that section power is granted to license, tax and regulate hackmen, omnibus drivers, cabmen, and all others pursuing like occupations; and in clause 82, to direct the location and regulate the use and construction of livery stables; and in clause 91 power

is given "to tax, license and regulate auctioneers, distillers, brewers, lumber yards, livery stables, public scales, money changers and brokers." By section 1146 of the ordinances of Chicago it is ordained that "no person or persons shall hire out, keep or use for hire, * * * for the carrying or conveying of persons within the city of Chicago, any hackney coach, cab, coach, omnibus, or other vehicle or vehicles, carriage or carriages, of any description or name whatever, without a license so to do." By section 1149 it is required that before any such license shall issue to any person he shall give bond, with sureties, conditioned for observance of all ordinances regulating hackmen and drivers, and all others pursuing like employments. Section 1152 requires every livery carriage, "when driven or used for hire," to have a designating number painted thereon, and to have a knob or handle on the inside of the door, if any, by which the door can readily be opened from the inside of the vehicle. Section 1159 imposes a fine of $10 for each offence upon any person who shall, without license, keep any vehicle for the conveyance of persons from place to place within the city for hire. Section 1160 fixes the license fees to be paid for such licenses, —that for omnibuses running in connection with hotels, or upon established lines at stated periods, and that for coaches and carriages drawn by two horses and occupying a public stand, at $5 each; and that for one-horse vehicles occupying a public stand, and that for all carriages kept and used for hire, or used for hire by keepers of livery stables, is fixed at $2.50 each.

Messrs. QUIGG & TUTHILL, for the appellant:

We concede the power of the city to tax, license and regulate livery stables, among other things. (Incorporation act, sec. 62, clause 91; *Chicago Packing Co.* v. *Chicago,* 88 Ill. 221.) The ordinance, however, does not impose a license upon livery stables, but upon "carriages, cabs and other

vehicles kept or used for hire by any keeper or keepers of livery stables." If the ordinance is an exercise of the powers given, it is obnoxious to the objection that it is not uniform, in not affecting all livery stables alike. It applies only to such as keep carriages for hire, and is therefore void. 1 Dillon on Mun. Corp. sec. 256; *Tugman* v. *Chicago*, 78 Ill. 407; *Chicago* v. *Rumpff*, 45 id. 96.

The ordinance, in so far as it requires the payment of a license fee as a tax upon an occupation, is not warranted by the constitution. Const. 1870, sec. 1, art. 9.

It will not be claimed that the council may, by an ordinance, impose a direct tax upon the carriages of the citizens, or upon their furniture. *Commonwealth* v. *Stodder*, 2 Cush. 572; *Livingston* v. *Albany*, 41 Ga. 21; *State* v. *C. R. R. Co.* 40 Md. 22; *State* v. *Endom*, 23 La. Ann. 653; *Police Jury* v. *Mongues*, 11 id. 739; *Cullinar* v. *New Orleans*, 28 id. 102; *Williams* v. *Garrigues*, 30 id. 1094.

Mr. F. S. WINSTON, Jr., for the appellee:

That the city, under its power to "tax, license and regulate * * * livery stables," can require the keepers of livery stables to take out licenses, has been held in *Chicago Packing and Provision Co.* v. *Chicago*, 88 Ill. 221; *Wiggins* v. *Chicago*, 68 id. 377; *Wiggins Ferry Co.* v. *East St. Louis*, 102 id. 560.

A license fee is not a tax. *People* v. *Thurber*, 13 Ill. 554; *City of East St. Louis* v. *Wehrung*, 46 id. 392; *Illinois Ins. Co.* v. *Peoria*, 29 id. 180; *Firemen's Association* v. *Lounsbury*, 21 id. 510; *Walker* v. *City of Springfield*, 94 id. 364; *Lovingston* v. *Board of Trustees*, 99 id. 564; *Wiggins Ferry Co.* v. *East St. Louis*, 102 id. 560.

A license fee in proportion to the amount of business done or money received, or to the burden cast upon the municipality, has often been sustained. *People* v. *Thurber*, 13 Ill. 554; *City of East St. Louis* v. *Wehrung*, 46 Ill. 392; *Walker*

v. *City of Springfield*, 94 Ill. 364; *Frankfort Ry. Co.* v. *Philadelphia*, 58 Pa. St. 119; *Chicago* v. *Bartee*, 100 Ill. 57.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

We think the exaction of this license fee may well be sustained as a tax upon that class of keepers of livery stables who keep carriages for hire. The constitution of 1818 contained, as a limitation upon the taxing power, the following: "That the mode of levying a tax shall be by valuation, so that every person shall pay a tax in proportion to the value of the property he or she has in his or her possession." In the constitution of 1848 this restriction was removed, and in its stead it was provided: "The General Assembly shall provide for levying a tax by valuation, etc., but the General Assembly shall have power to tax peddlers, auctioneers, brokers, hawkers, merchants, commission merchants, showmen, jugglers, inn-keepers, grocery-keepers, toll bridges and ferries, and persons using and exercising franchises and privileges, in such manner as they shall from time to time direct." In our present constitution the provision of the constitution of 1848 is retained, being modified by additions to the subjects of taxation without valuation, and by requiring such taxation to be imposed "by general law, uniform as to the class upon which it operates." And to this is added the further provision, that "the specification of the objects and subjects of taxation shall not deprive the General Assembly of the power to require other subjects or objects to be taxed in such manner as may be consistent *with the principles* of taxation *fixed* in *this constitution.*" It is plain, therefore, that the General Assembly might, under this constitution, impose a tax by general law upon that class of livery stable keepers who keep carriages for hire, although that business is not enumerated as one of the objects or subjects of taxation without valuation.

By general law the General Assembly has authorized cities to impose such tax. In clause 91, of the chapter defining the

powers of city councils, is granted the power "to tax, license and regulate * * * livery stables." It is said this is a power to tax livery stables, but not a power to impose a tax upon the keepers of livery stables. The context shows that this is not the true meaning. The power is to tax auctioneers, distillers, brewers, lumber yards, livery stables, public scales, money changers and brokers. It is plain to us that this whole section relates to occupations, and means by the terms "lumber yards," "livery stables," and "public scales," keepers or owners of lumber yards, livery stables and public scales. These words being preceded by "distillers" and "brewers," and followed by "money changers" and "brokers," carry to our minds no other sense than that of a tax upon occupations. The ordinance imposes this burden for revenue by a general enactment, uniform upon the class upon which it operates. It prohibits all livery stable keepers from keeping carriages for hire without paying a license fee upon each carriage. Be this as it may, it is exceedingly clear, since the decision of this court in the case of *Wiggins Ferry Co.* v. *City of East St. Louis,* 102 Ill. 560, that the imposition of this burden can be fully vindicated under the power to license. The writer of this opinion had thought, until that decision was made, that a license fee, exacted for mere purposes of revenue, for a license to do that which the exacter had no power to forbid, was a tax, in the sense of our constitution. In that case it was ruled otherwise. The charter in this case granting power to license keepers of livery stables; as has been shown, the council had the full power to prescribe the rule that such license should be paid for in proportion to the number of carriages kept for hire.

The judgment in this case is therefore affirmed.

*Judgment affirmed.*