THE UNITED STATES DISTILLING COMPANY

*v.*

CITY OF CHICAGO.

*Filed at Ottawa November 17, 1884.*

1. LICENSE FEE, *as distinguished from a tax.* A license fee imposed by a city or village in pursuance of article 5, chapter 24, section 1, subdivision 91, of the Revised Statutes of 1874, upon certain avocations, trades, business or occupations carried on within the corporate limits of such city or village, is not a tax, within the constitutional sense of that term, and is not repugnant to section 1, article 9, of the constitution.

2. SAME—*as to brewers and distillers.* An ordinance of a city incorporated under the general Incorporation act, which provides that no person, firm or corporation shall carry on or conduct the business of brewer or distiller within the limits of the city without first paying a license therefor in the sum of $500 per annum, under a penalty of not less than $100 nor more than $200 for each and every offence, (meaning that each brewery and each distillery shall pay a license fee of $500, respectively,) is valid and binding.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. EDSALL & EDSALL, and Messrs. QUIGG & TUTHILL, for the appellant:

It is held in this State that a distinction exists between a license fee and a tax. *People* v. *Thurber,* 13 Ill. 554; *Walker* v. *City of Springfield,* 94 id. 364; *Wiggins Ferry Co.* v. *City of East St. Louis,* 102 id. 560.

As to the distinction or difference between collecting a tax and a license fee, see Cooley's Const. Lim. 201; *Mayor* v. *Railroad Co.* 32 N. Y. 261; *Mays* v. *City of Cincinnati,* 1 Ohio St. 268; *Ash* v. *People,* 11 Mich. 347; *Ducat* v. *City of Chicago,* 48 Ill. 172; *City of East St. Louis* v. *Trustees of Schools,* 102 id. 491.

Police regulations must have reference to the comfort, safety or welfare of society; and what are the subjects of its

exercise is clearly a judicial question. *Town of Lake View* v. *Rose Hill Cemetery Co.* 70 Ill. 192; *Dunne* v. *People,* 94 id. 122.

A distiller is not a liquor dealer, within the meaning of those terms as used in the constitution. *Overall* v. *Bezeau,* 37 Mich. 207; *Morris* v. *Commonwealth,* 27 Pa. St. 495.

License fees imposed in the exercise of the police power must be reasonable in amount. 1 Dillon on Mun. Corp. (2d ed.) sec. 291; *Ash* v. *People,* 11 Mich. 347; *Mays* v. *City of Cincinnati,* 1 Ohio St. 268; *State* v. *Hoboken,* 33 N. J. L. 280; Cooley's Const. Lim. 201.

Mr. F. S. WINSTON, for the appellee:

This case involves the constitutionality of that part of the general act relating to cities, and which authorizes them to tax, license and regulate distillers, etc. Rev. Stat. chap. 24, art. 5, sub. 91.

That a license is not a tax, in the sense in which that term is used in the constitution and statutes, has been distinctly held in the following cases: *People* v. *Thurber,* 13 Ill. 554; *Firemen's Association* v. *Lounsbury,* 21 id. 511; *Insurance Co.* v. *City of Peoria,* 29 id. 180; *City of East St. Louis* v. *Wehrung,* 46 id. 392; *Ducat* v. *City of Chicago,* 48 id. 172; *Chicago Packing Co.* v. *City of Chicago,* 88 id. 221; *Walker* v. *City of Springfield,* 94 id. 364; *Lovingston* v. *Trustees,* 99 id. 564; *City of East St. Louis* v. *Trustees of Schools,* 102 id. 489; *Wiggins Ferry Co.* v. *City of East St. Louis,* id. 560; *Cole* v. *Hall,* 103 id. 30; *Howland* v. *City of Chicago,* 108 id. 496; *Timm* v. *Harrison,* 109 id. 593; *Braun* v. *City of Chicago,* 110 id. 186.

The ordinance is valid under the power to tax distillers. *City of East St. Louis* v. *Wehrung,* 46 Ill. 392; *Wiggins* v. *City of Chicago,* 68 id. 372; *Huck* v. *Railroad Co.* 86 id. 352.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This prosecution was commenced by the city of Chicago, against the United States Distilling Company, before a justice of the peace, to recover a penalty imposed by that section of the ordinance of March 5, 1883, entitled "Brewers and Distillers," which provides that no person, firm or corporation shall carry on or conduct the business of brewer or distiller within the limits of the city of Chicago, without first paying a license therefor in the sum of $500 per annum, under a penalty of not less than $100 nor more than $200 for each and every offence,—meaning thereby, that each brewery and each distillery shall pay a license fee of $500, respectively. On the trial in the Criminal Court, to which the cause was taken on the appeal of defendant, it was admitted defendant was a corporation, and is engaged in running a distillery within the city of Chicago, and was so engaged, without a license, prior to the commencement of this suit; and the court before whom the cause was tried, found defendant guilty, and rendered judgment against it in the sum of $100. That judgment was affirmed in the Appellate Court for the First District, and a majority of the judges of that court having made the necessary certificate, under the statute, defendant brings the case to this court on its further appeal.

Article 5, chapter 24, subdivision 91 of section 1, of the Revised Statutes of 1874, provides that city councils, and the president and board of trustees in villages organized under the general law, may have power "to tax, license and regulate auctioneers, distillers, brewers, lumber yards, livery stables, public scales, money changers and brokers." This clause of the statute has been the subject of frequent construction in this court, so that most questions raised and discussed on the present record have been settled by previous decisions. It will not be necessary to enter anew upon the discussion. All that is necessary to be done, is to refer to some of the most

recent cases: *Howland* v. *Chicago,* 108 Ill. 496; *Wiggins Ferry Co.* v. *East St. Louis,* 102 id. 560; *Braun* v. *Chicago,* 110 id. 186. In *Braun* v. *Chicago,* it was distinctly held a license fee imposed by a city or village in pursuance of the section of the statute cited, upon certain avocations, trades, business or occupations carried on within the corporate limits of such city or village, is not a tax, in the constitutional sense of that term, and is not repugnant to section 1, article 9, of the constitution. It has been so repeatedly and uniformly held that a license fee such as is imposed by the ordinance in this case, is not a tax in the constitutional sense, it ought now to be regarded as settled law. The case at bar comes precisely within the doctrine of the previous decisions on this subject, and the court has no desire or inclination to reconsider the same.

A point made on the argument is, if the penalty imposed by the ordinance is to be held valid because the sum exacted is a license fee, then it is said it must be tested by principles which govern the exercise of the police power, and under that power only a reasonable fee for the license, or the labor of issuing it, can be charged. This view of the law can not be adopted. Under the comprehensive grant of power from the legislature, the city council has authority to require parties exercising certain avocations and callings, to pay a license fee for the privilege, and on observing constitutional restrictions, the amount would seem to be within the discretion of the body imposing it. Even the imposition of license fees for substantial municipal revenue has been sustained by this court in a number of cases, as in *Wiggins Ferry Co.* v. *East St. Louis,* 102 Ill. 560.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*