## Conklin Lumber Company v. City of Chicago.

### Gen. No. 12,527.

1. LICENSE FEE—*not a tax.* A license fee is not a tax and under some circumstances two licenses may be required to be obtained and two fees paid by the same person or corporation.

2. LUMBER YARDS—*power of municipality to license.* A municipality has power to license lumber yards, and the granting of a license to maintain a lumber yard at one place is not authority for the maintenance of a lumber yard at another and totally different place.

Action commenced before justice of the peace. Appeal from the Criminal Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed May 21, 1906.

GUSTAV E. BEERLY, for appellant.

HOWARD S. TAYLOR and JAMES DONAHOE, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The city of Chicago is incorporated under the general law for the incorporation of cities and villages, and has power "to tax, license and regulate auctioneers, distillers, brewers, lumber yards, livery stables, public scales, money changers and brokers." Hurd's Rev. Stat. 1903, p. 295, chapter 24, article 5, section 1, clause 91st.

The city council of the city passed an ordinance containing the following sections:

"1214. License.) No person, firm or corporation shall engage in the business of keeping or maintaining a lumber yard or other place where lumber is sold from yard, place, car or vessel, without first having obtained a license therefor as hereinafter provided.

"1215. Application—contents—fee.) Any person, firm or corporation so desiring to carry on such business as aforesaid, shall file with the city collector an application in writing therefor, and upon payment to the city collector of an annual license fee of one hundred dollars, any such applicant shall be entitled to a license to carry on business as aforesaid.

"1216. Penalty.) Any person, firm or corporation violating the provisions of this chapter shall be subject to a penalty of not less than ten dollars, nor more than one hundred dollars."

June 22, 1904, a license was duly issued by the appellee to the appellant, to follow the vocation of lumber dealer at the northwest corner of 38th and Morgan streets, in the city of Chicago, until the first day of May, 1905, subject to the ordinances of the city and to the revocation of the mayor, at his discretion. After obtaining this license the appellant, in the year 1904, carried on the lumber business and had a large lumber yard, in which it piled lumber, located at 66th street, between Wallace street and Lowe avenue, in the city of Chicago. It had no license to carry on the lumber business at that place, but only at the northwest corner of 38th and Morgan streets. It was sued by appellee for a violation of section 1214 of the ordinance, above quoted, before a justice of the peace, and was fined $100. On appeal to the Criminal Court, the cause, by agreement, was submitted to the court for trial, without a jury, and the court found for appellee and rendered judgment against appellant for $100.

The contention of counsel for appellant seems to be that appellant, having been licensed to carry on the business of a lumber dealer in the city, was not limited to the place mentioned in the license, but might carry on its busi-

ness and have lumber yards at any place it might choose in the city; and that to require it to procure and pay for a license to carry on its business at 66th street would be double taxation. We cannot concur in this view. Appellee has power by its charter to tax, license and regulate lumber yards. The license fee is not a tax within the meaning of the Constitution. Distilling Co. v. City of Chicago, 112 Ill. 19, and cases cited. But even though it may be denominated a tax, in the nature of an exaction, this is immaterial. Banta v. City of Chicago, 172 Ill. 218. In that case the court passed on clause 91st, above quoted, in reference to brokers, and the language used by the court is equally applicable to lumber dealers and lumber yards. Ib. 218. The power to license and regulate lumber yards is a police power designed to be exercised for protection against fire. It is well known that fires sometimes originate in lumber yards, and when a fire does not originate in such a yard, but elsewhere, yet, if the lumber yard happens to be in the path of the fire, it greatly increases the conflagration, and, consequently, the danger to buildings in its vicinity. The charter of the city recognizes this danger. Among the powers granted are the following: "To regulate and prohibit the keeping of any lumber yard, and the placing or piling or selling any lumber, timber, wood, or other combustible material within the fire limits of the city."

The designation in the license of the place where the business is to be carried on is a reasonable means of regulation, and such designation, made in some way, is, as we think, essential to efficient regulation. Appellant is not in a position to contend that it lawfully established a lumber yard and conducted its business at 66th street. Its license was not general to conduct its business and establish a lumber yard anywhere in the city, as it might choose. On the contrary, the license expressly limited appellant to the carrying on its business at the northwest corner of 33th and Morgan streets. Such was the license which was granted by the city and accepted by appellant, and which

was and is the measure of appellant's rights in the premises. It was as much a violation of section 1214 of the ordinance for appellant to establish a lumber yard and carry on the lumber business at 66th street, without a license so to do, as if no license had ever been granted to it to carry on its busines in the city.

The facts and the law applicable to them are against appellant, and the judgment will be affirmed.

*Affirmed.*