THE PEOPLE *ex rel.* William L. O'Connell, County Collector, Appellant, *vs.* THE CHICAGO AND WESTERN INDIANA RAILROAD COMPANY, Appellee.

*Opinion filed December 4, 1912.*

1. CONSTITUTIONAL LAW—*the amended Revenue law of 1909 is not a local or special law.* The act of 1909, concerning the levy and extension of taxes, (Laws of 1909, p. 323,) is a general law applicable to all the taxing bodies in the State, and it is not a local or special law.

2. SAME—*what does not invalidate the amended Revenue law of 1909.* The amended Revenue law of 1909 is a limitation on the powers of the various taxing bodies of the State, and although it may have the effect of prohibiting the collection of the whole amount of taxes authorized by the charters of such bodies to be levied, if the aggregate exceeds a certain per cent, and in that way operates as a general amendment of all the charters, it was not necessary to the validity of the act that every section of every charter so amended should have been inserted at length in the act.

3. SAME—*amended Revenue law of 1909 does not violate constitutional provision as to title.* The amended Revenue act of 1909, the title to which is, "An act concerning the levy and extension of taxes," is not in violation of section 13 of article 4 of the constitution, providing that no act shall embrace more than one subject, which shall be expressed in its title, upon the alleged ground that the authority of each different taxing body to raise money is a distinct subject matter and the several subject matters are not mentioned in the title.

4. SAME—*how uniformity of taxation in taxing districts is secured.* The constitution requires uniformity of taxation in taxing districts, and such uniformity is secured by the amended Revenue act by regarding every taxing district as a separate unit,—the

county for county taxes, the town for town taxes, the city or village for municipal taxes, the school district for school taxes, etc.; and if a taxing district is in different jurisdictions and the act fixes a certain rate in any part of the district, the levy cannot be above that rate, for the same purpose, in any other part thereof.

5. SAME—*amended Revenue act does not violate constitutional provision as to uniformity of taxation.* The amended Revenue act of 1909 (Laws of 1909, p. 323,) does not violate section 9 of article 9 of the constitution, requiring taxes to be uniform; nor is it a special or local law providing for the management of schools, such as is prohibited by section 22 of article 4 of the constitution.

6. SAME—*tax to pay bonded indebtedness must be included in making up aggregate.* Except as otherwise provided for in the amended Revenue act of 1909, the tax for the payment of bonded indebtedness should be included in making up the aggregate of rates. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 254 Ill. 472, followed.)

7. SAME—*amended Revenue act of 1909 is a valid law.* The amended Revenue act of 1909, (Laws of 1909, p. 323,) which provides for the scaling of tax rates where the aggregate of rates exceeds a certain per cent, is a valid law. (*Booth* v. *Opel,* 244 Ill. 317, and *Town of Cicero* v. *Haas,* id. 551, adhered to.)

8. SAME—*when act would be void as impairing obligation of contract.* After a municipal corporation has contracted a valid debt, any act which would deprive it, to any considerable extent, of the means of payment would be void under the Federal constitution; but that question cannot be raised by taxing bodies having no contracts which will be impaired by such act.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

FRANCIS S. WILSON, County Attorney, and WILLIAM F. STRUCKMANN, for the county collector and the county of Cook; WILLIAM H. SEXTON, Corporation Counsel, and LEON HORNSTEIN, for the city of Chicago; JOHN C. WILLIAMS, for the Sanitary District of Chicago; RICHARD S. · FOLSOM, and ANGUS ROY SHANNON, for the Board of Education of Chicago; CHARLES A. CHURAN, for the Lincoln Park Board; CHARLES B. PAVLICEK, for the West Park Board.

JAMES M. SHEEAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, the Chicago and Western Indiana Railroad Company, filed objections to the application of the county collector of Cook county for judgment against its property for general taxes for the year 1911, and an order of sale to satisfy the same, upon the ground that the county clerk, in ascertaining the rates required to be extended, did not reduce the amounts certified to him, as required by an act entitled "An act concerning the levy and extension of taxes," in force July 1, 1901, (Laws of 1901, p. 272,) as amended by an act in force July 1, 1909. (Laws of 1909, p. 323.) The county court sustained the objections to the excess above the rates allowed by that act and rendered judgment accordingly. From that judgment the county collector appealed.

Numerous counsel for appellant, representing different corporate authorities invested with power to levy taxes in Cook county for six different purposes, contend, first, that the act in question violates constitutional provisions and is therefore void; second, that if it is a valid act it should be so construed that taxes to pay bonded indebtedness will not be included in the aggregate of taxes to be reduced; and third, if all bonded indebtedness is not excluded, such taxes as are levied to pay bonds issued prior to the passage of the act should not be included.

We upheld the constitutionality of the act, upon full consideration of all objections urged to it by counsel, in *Booth* v. *Opel,* 244 Ill. 317, and *Town of Cicero* v. *Haas,* id. 551, and repeated the same conclusion in *People* v. *Chicago and Eastern Illinois Railroad Co.* 248 Ill. 596, and *People* v. *Toledo, St. Louis and Western Railroad Co.* 254 id. 472. The decisions in many other cases have rested upon the same act, and to now hold that the law is invalid

would be to hold that those decisions were all unjust and wrong and to overrule them. We ought to be, and are, unwilling to do that unless compelled by the most convincing reasons, and especially at the instance of taxing bodies who have not questioned the validity of the law since its first enactment, in 1901, but have acquiesced in it.

Counsel, while asking us to overrule many decisions, say that it is not their purpose to call for a review of any question therein decided, but are of the opinion that they have found reasons, not before considered, which render the act void. They regard the questions which they present as of vast importance and requiring reconsideration of the validity of the act because under its provisions they will not have as much revenue as they ought to have. Of course, the question how much the taxing bodies created by the General Assembly shall be authorized to take from the people for the performance of their various functions is a question for the people, acting through the General Assembly, and the fact that in the judgment of the taxing bodies they ought to have more money cannot influence our decision, but we have given consideration to the arguments advanced by counsel.

One of the reasons offered by counsel for holding the act void is, that it amends the charter of every taxing body whose rates of taxation are required to be scaled below the maximum rates authorized by their charters, in violation of some prohibition of the constitution not mentioned, but which must be section 22 of article 4, prohibiting local or special laws of that character. As the act is a general one, applicable to all taxing bodies in the State, it is not local or special.

It is further said that amendments can only be made in conformity to the provision of section 13 of article 4, that no law shall be revived or section amended by reference to its title, only, but the law revived or section amended shall be inserted at length in the new act, and

that this act does not contain at length all the charters of the various taxing bodies amended by it. The act is a limitation on the powers of various taxing bodies, and although it may have the effect of prohibiting the collection of the whole amount authorized in the charter to be levied if the aggregate exceeds a certain per cent, and in that way operates as a general amendment of all charters, it would lead to absurd results, never intended by the framers of the constitution, to hold that every section of every charter amended must be inserted at length in the act. It would tax the ingenuity of an expert to accomplish such a feat, and we cannot so construe the constitutional provision.

It is also contended that the act violates the provision of said section 13 that no act shall embrace more than one subject, which shall be contained in its title, because, counsel say, the authority of each different taxing body to raise money by taxation is a distinct subject matter and the several subject matters are not embraced in the title. The title is, "An act concerning the levy and extension of taxes," and it requires no argument to show that it is not subject to either objection.

Counsel then proceed to suggest various possible situations of taxing districts which may be partly within and partly without incorporated cities or villages, or partly in one county and partly in another, or entirely outside of any incorporated municipality, and conjecture difficulties that might arise in the administration of the law in violation of the constitutional requirement of uniformity of taxation. The constitution requires uniformity of taxation in taxing districts, and that is secured by regarding every taxing district as a separate unit,—the county for county taxes, the town for town taxes, the city or village for municipal taxes, the school district for school taxes, and any other district as a like unit. If a taxing district is in different jurisdictions and the act fixes a certain rate in any part of the district, the levy cannot be above that rate for the same

purpose in any other part of the district. But we discover nothing in the act that would prevent that result. This answers the argument that the act violates section 9 of article 9, requiring taxes to be uniform; and it is not a local or special law providing for the management of common schools, prohibited by section 22 of article 4.

Concerning the argument that the tax for the payment of bonded indebtedness should not be included in making up the aggregate of rates, we need only refer to *People* v. *Toledo, St. Louis and Western Railroad Co. supra,* but may add that we do not see how there could be any difference of opinion as to the meaning of the language employed in the act.

Counsel think there is some distinction between taxes levied to pay bonded indebtedness incurred prior to the passage of the act and taxes to pay indebtedness subsequently incurred, because the act might impair the obligation of some contract. It does not appear that any of the taxing bodies represented have any interest in a contract which may be impaired, and therefore they are not entitled to complain that the law impairs its obligation. (*Burke* v. *Snively,* 208 Ill. 328.) After a municipal corporation has contracted a valid debt, any act which would deprive it, to any considerable extent, of the means of payment would be void under the Federal constitution, but it does not appear that the obligation of any contract would be impaired by this act or that the bonded indebtedness of municipalities not in excess of six per cent of the assessed valuation of the property therein cannot be paid if the act is obeyed.

We see no reason for overruling our former decisions as to the validity of the act in question, and the judgment is affirmed.                          *Judgment affirmed.*