(No. 42862.—

Van Driel Drug Store, Inc., Appellant, *vs.* George E. Mahin, Director of Revenue, *et al.*, Appellees.

*Opinion filed Dec. 4, 1970.—Rehearing denied Jan. 27, 1971.*

Maurice A. Frank and Philip M. Bloom, both of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and (Francis T. Crowe, Assistant Attorney General, of counsel,) for appellees.

Mr. Justice Kluczynski delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook County vacating a temporary injunction and dismiss-

ing a complaint for judgment declaring that House Bill 257 (Laws of 1967, p. 1112), an Act to amend section 8—11—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1967, ch. 24, par. 8—11—5) was void.

The complaint was filed by Van Driel Drug Store, Inc., on its own behalf and on the behalf of all others similarly situated against the defendants, specifically naming them. Shortly thereafter the trial court entered a temporary injunction restraining the Director of Revenue from paying over to the State Treasurer taxes collected equal to ¼ of one percent of the cost price of all tangible personal property transferred by servicemen, as an incident to a sale of service collected from all persons engaged in the business of making sales of service, pursuant to the provisions of House Bill 257 and related municipal ordinances and amendments. The defendants filed a motion to dissolve the temporary injunction and to strike and dismiss the complaint. There being no contested issues of fact, the cause was submitted to the trial court on the complaint and the motion to dismiss. On November 10, 1969, the order granting the temporary injunction was vacated and the cause dismissed.

Before the enactment of the 1967 amendments, the Service Occupation Tax Act imposed a tax upon "all persons engaged in the business of making sales of service (hereinafter referred to as sevicemen) at the rate of 3% of the cost price of all tangible personal property transferred by said servicemen either in the form of tangible personal property or in the form of real estate as an incident to a 'sale of service' * * * and at the rate of 3½% where the sale of service occurs on or after December 1, 1961, * * *." (Ill. Rev. Stat. 1965, ch. 120, par. 439. 103.) "Sale of Service" was defined as "any transaction except a retail sale of tangible personal property taxable under the Retailers' Occupation Tax Act * * *." (Ill.

Rev. Stat. 1965, ch. 120, par. 439.102.) Thus, prior to the amendments of 1967, every "serviceman" with a few specific exceptions (*e.g.*, sales of service by a charitable organization, sale of newsprint and ink sold for the primary purpose of conveying news) who transferred tangible personal property as an incident to performing his service was taxed under this Act, the base of the tax being the cost price to him of the materials transferred.

The 1967 amendments substantially altered the taxing scheme under the Service Occupation Tax Act by expanding the base to gross receipts (Ill. Rev. Stat. 1967, ch. 120, par. 439.102), and by limiting a "sale of service" to four enumerated categories. (Par. 439.102.) In addition to these principal changes, the amendments raised the tax from $3\frac{1}{2}\%$ to $4\frac{1}{4}\%$ (Ill. Rev. Stat. 1967, ch. 120, par. 439.103), and provided that municipalities and counties could levy in combination up to $\frac{3}{4}$ of $1\%$ on a "sale of service" making possible a tax of $5\%$. Ill. Rev. Stat. 1967, ch. 24, par. 8—11 —5; Ill. Rev. Stat. 1967, ch. 34, par. 409.2.

House Bill 257 authorized the municipalities to impose a tax of $\frac{3}{4}$ of $1\%$ of the cost price of all tangible personal property transferred as an incident to the sale and was adopted on May 2, 1967, and approved July 1, 1967. Later in that same session, the 1967 amendments to the Service Occupation Tax Act and related acts were adopted, including House Bill 2482 (Laws of 1967, p. 1793) which, like House Bill 257, amended section 8—11—5 of the Illinois Municipal Code, House Bill 2482 authorized municipalities to impose a tax of $\frac{3}{4}$ of $1\%$ of the gross receipts received by such a serviceman transferring tangible personal property. It was adopted May 29, 1967, after the adoption of House Bill 257, and was approved July 20, 1967, and effective August 1, 1967.

In *Fiorito* v. *Jones*, 39 Ill.2d 531, we held the 1967 amendments to the Service Occupation and Service Use

Tax Acts to be unconstitutional and void. On the same day, the Director of Revenue of the State of Illinois issued a bulletin which essentially proclaimed that since House Bill 257 was not held to be unconstitutional, a municipality could collect tax at a rate of ¾ of 1% pursuant to House Bill 257 and counties were limited to a rate equal to ½ of 1%. In reliance upon this bulletin, 69 municipalities adopted ordinances and amendments effective May 1, 1968, imposing a service occupation tax rate of ¾ of 1% of the cost price of all tangible personal property transferred by said servicemen.

Appellant contends that the act of adopting House Bill 2482 repealed House Bill 257 and that the later determination that House Bill 2482 was unconstitutional did not affect House Bill 257. It argues that where two amendments to the same statute are passed at the same session of the legislature, and are inconsistent, the latter in point of time controls. (*People ex rel. Schlaeger* v. *Mattes,* 396 Ill. 348.) While it is true that when House Bill 2482 was adopted subsequent to House Bill 257, the former appeared to have repealed the latter by implication, the question remains as to what effect declaring House Bill 2482 unconstitutional has on House Bill 257. In *People ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581, 590, the court stated: "An invalid law is no law at all. It confers no rights and imposes no duties. [Citation.] The effect of the enactment of an invalid amendment to a statute is to leave the law in force as it existed prior to the adoption of such amendment." In *People* v. *Schraeberg,* 347 Ill. 392, the court found that an unconstitutional law "confers no right, imposes no duty and affords no protection. It is in legal contemplation as though no such law had ever been passed. [Citation.]" When House Bill 2482 was declared unconstitutional in *Fiorito,* it was void *ab initio.* (See *Quitman* v. *Chicago Transit Authority,* 348 Ill. App. 481.) It was at that point wholly inoperative as

though it had never been passed, and therefore could not repeal House Bill 257. When the statute was declared void, its repealing effect was also void. Thus the bulletin of the Director of the Department of Revenue stating that House Bill 257 was in effect was correct.

Appellant finally contends that enforcement of House Bill 257 results in a lack of uniformity and an unequal classification of counties and municipalities, in that counties are authorized to tax at $\frac{1}{2}$ of 1% and House Bill 257 authorizes municipalities to tax at $\frac{3}{4}$ of 1%. In *Biggs* v. *Cummins,* 5 Ill.2d 512, 516, this court found that: "Where the constitutional validity of a statute is assailed the objection must be specific and complete. It is not enough merely to assert in a vague and general fashion that constitutional safeguards are violated. The particular respect in which the statute violates some constitutional limitation must be pointed out and preserved for review in order to obtain a determination of such questions by this court. *Orton Crane & Shovel Co.* v. *Federal Reserve Bank,* 409 Ill. 285; *Lutkus* v. *Department of Finance,* 385 Ill. 221." Appellant merely concludes that classifying municipalities and counties as different types of tax entities is unreasonable.

In addition, this court has in other cases (*Du Bois* v. *Gibbons,* 2 Ill.2d 392; *Supervisors of County of Boone* v. *Village of Rainbow Gardens,* 14 Ill.2d 504; *Kloss* v. *Suburban Cook Co. Tuberculosis Sanitarium Dist.,* 404 Ill. 87) found that the legislature may classify cities and counties according to population provided they are uniform for each class. In *People ex rel. O'Connell* v. *Chicago and Western Indiana Railroad Co.,* 256 Ill. 388, this court found: "The constitution requires uniformity of taxation in taxing districts, and that is secured by regarding every taxing district as a separate unit,—the county for county taxes, the town for town taxes, the city or village for municipal taxes, the school district for school taxes, and any other district as a like unit." (256 Ill. at 392.) Thus we can

perceive of no constitutional objection to different treatments for counties and municipalities.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*